IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:03CR218 |
| v. | ) | |
| | ) | |
| JAMES DAVID BULLOCK. | ) | |

**ORDER**

**THIS MATTER** is before the Court on Defendant's *pro se* Motion, submitted in the form of a letter to the Court (document #163) and filed on January 24, 2011, regarding the Writ of Garnishment entered on January 4, 2011 (document #160). Specifically, Defendant appears to be requesting that the Court reduce the amount of his garnishment. For the reasons stated below, the Court will deny Defendant's Motion.

Defendant was convicted by a jury on September 28, 2005, on twelve separate counts of Conspiracy to Commit Money Laundering and one count of Conspiracy to Defraud the United States, which stem from his involvement in a mortgage fraud scheme. Defendant's sentence necessitates the application of the Mandatory Victim Restitution Act ("MVRA"), since he committed crimes of fraud involving victims. *See* 18 U.S.C. § 3663A (c)(1).

In accordance with the MVRA, the Court ordered Defendant to pay restitution to the named victims in the amount of $3,238,729.93, in addition to a criminal assessment of $200.00. As of the filing of this response, $3,213,094.19 remains outstanding on the restitution obligation according to the records maintained by the Clerk of Court. The criminal assessment has been paid in full.

In January 2011, the Government filed a request for a Writ of Continuing Garnishment (document #158) in accordance with 28 U.S.C. § 3205(b)(1). In response, Defendant sent a letter to the Court requesting reconsideration of the statutorily mandated garnishment percentage

(document #163). Defendant's request was based on his calculations of estimated monthly expenses and his claim that the increased restitution payments will compromise his ability to cover these expenses. Defendant previously provided the Government with a financial affidavit. Defendant states, in the financial statement, that his net monthly income totals $3,040.00. He claims his necessary monthly expenses total $2,854.00, which includes a $300.00 monthly restitution payment. Defendant's calculations are not supported by his financial affidavit however, which includes calculation errors, an overstatement of the garnishment amount, and an understatement of income.

The MVRA prescribes that in cases where identifiable victims suffer a pecuniary loss, courts "shall order . . . that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). The law serves the dual purposes of ensuring "that criminals pay full restitution to their victims for all damages caused as a result of the crime" and providing "those who suffer the consequences of crime with some means of recouping the personal and financial losses." H.R. REP. 104-16, at 5 (1995); see also United States v. Newsome, 322 F.3d 328, 341 (4th Cir. 2003); United States v. Perry, 360 F.3d 519 (6th Cir. 2004). In attempting to restore the full loss amount to each victim, the court is required to order restitution "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A); see, e.g., United States v. Karam, 201 F.3d 320, 330 (4th Cir. 2000); United States v. Dawkins, 202 F.3d 711, 716 (4th Cir. 2000).

Here, Defendant has made periodic payments towards his restitution, which he started while on supervised release. This periodic payment is not, however, a bar to further collection efforts by the Government. The MVRA, pursuant to § 3664(m)(1)(A)(i), "provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means." United States v. Ekong, 518 F.3d 285, 286 (5th Cir. 2007) (citing United States

v. Phillips, 303 F.3d 548, 550-51 (5th Cir. 2002)); see, e.g., United States v. Clayton, 646 F.Supp.2d 827, 835 (E.D.La. 2009); United States v. Miller, 588 F.Supp.2d 789, 796 (W.D.Mich. 2008). These methods of restitution collection include the procedures for the enforcement of a civil judgment under federal or state law, most notably the Federal Debt Collection Procedures Act ("FDCPA"). Ekong, 518 F.3d at 286. The Government specifically is permitted to enforce its judgments against all non-exempt property of a defendant. 18 U.S.C. § 3613(a).[1]

To satisfy a judgment against a defendant, the Government may petition the Court for a writ of garnishment "against property . . . in which the debtor has a substantial nonexempt interest." 28 U.S.C. § 3205(a). This interest includes nonexempt disposable earnings, defined as 25% of a debtor's disposable earnings. 28 U.S.C. § 3002(9).[2] Only a small handful of exemptions are provided by law, none of which are applicable in this matter, all related to provisions of the Internal Revenue Code. See 18 U.S.C. § 3613(a)(1).

The FDCPA provides that courts are limited to (1) determining the validity of claimed exemptions; (2) compliance with statutory requirements for issuance of the post judgment collection remedy requested; and (3) where judgment was entered by default, the validity of the debt and judgment. 28 U.S.C. § 3202(d). See also United States v. Feichtinger, 172 F.3d 54, 1998 WL 894664, *1 (7th Cir. 1998) (unpublished) (holding that the FDCPA "severely restricts the issues that a debtor may raise at a hearing."); United States v. Smith, 88 Fed.Appx. 981, *1 (8th Cir. 2004) (unpublished); United States v. Poitra, 2009 WL 3063013, slip op. at *1 (D.N.D. Nov. 18, 2009);

---

[1] This provision is applicable to restitution judgments by virtue of 18 U.S.C. 3613(f).

[2] 25% is the maximum amount permitted for government seizure. *See* 15 U.S.C. § 1673(a).

Miller, 588 F. Supp. 2d at 797; United States v. Furkin, 165 F.3d 33, 1998 WL 846873, *4 (7th Cir. 1998); United States v. Pugh, 75 Fed.Appx. 546, 547 (8th Cir. 2003).

What defendants may not contest is their claimed inability to afford the amount of garnishment. United States v. Lawrence, 538 F.Supp.2d 1188, 1194 (D.S.D. 2008) (holding that "consideration of Defendant's financial situation and/or the equities of the case are not subject to or within the purview of a garnishment hearing."); see also United States v. Mahar, 42 F.3d 1389, 1994 WL 657089, *1 (6th Cir. 1994)); United States v. Bringhurst, No. 1-01-CR-35TS, 2007 WL 2903761, *1-2 (D.Utah Oct. 3, 2007); Miller, 588 F.Supp.2d at 797 (approving of the language used above in Lawrence); United States v. Hubbard, 2010 WL 2169073, slip op. at *3 (N.D.Iowa May 28, 2010). In this matter, Defendant has raised no valid objection to the Writ of Garnishment. He is not, therefore, entitled to either a hearing on the request for Writ, or for a limitation on the Writ.

**IT IS, THEREFORE ORDERED** that Defendant's Motion to reduce the amount of garnishment in this matter is **DENIED**.

**SO ORDERED.**   Signed: February 7, 2011

_____
David S. Cayer
United States Magistrate Judge